## SIMPSON v. WINGATE *et al.*, *Appellants.*

### DIVISION TWO.

1. **Deed:** AGENT TO SELL: POWER. Where an agent takes title to land simply for the purpose of selling it, his power, on his d ath, does not descend to his heirs.

2. ———: ———. Where the agent before his death conveyed to a third person, all interest of his heirs in the premises is thereby divested.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*John W. Wofford* for appellants.

The contention on the part of the plaintiff is that the deed from herself to Wingate was a naked power of attorney in him and revocable at her will; that in the deed, and contract made in pursuance of it, she was entitled to the personal services of Wingate, and that he can delegate this to no one without her consent. The contention of defendants is, that the deed to Wingate made him a trustee for Mrs. Simpson as to her interest, and that the deed and contract, which \ re executed contemporaneously, show that his power in the premises is coupled with an interest, and that she cannot revoke it at all; that he has an interest in the property, under the contract, that descends to his heirs at

law. The defendants, in support of their contention, cite the following authorities: *Hunt v. Rousmanier*, 8 Wheat. 174; s. c., 2 Mason, 249; Tiedeman on Real Prop., sec. 563; *Varnum v. Meserve*, 8 Allen, 158; *Allen v. Chatfield*, 8 Minn. 435; *Speer v. Hodduck*, 31 Ill. 439; *Boone v. Clark*, 3 Cranch, C. C. 389; *Knapp v. Alvord*, 10 Paige, 205; *Bonney v. Smith*, 17 Ill. 533; *Raymond v. Squire*, 11 John. 47; *Franklin v. Osgood*, 14 John. 527; *Jackson v. Burtis*, 14 John. 391; Bishop on Cont. [Enlarged Ed.] sec. 1054; *Given v. Corse*, 20 Mo. App. 132; *Pickett v. Jones*, 63 Mo. 199; *Knapp v. Alvord*, 10 Paige, 243; *Bergen v. Bennett*, 1 Caine's Cases (N. Y.) 1; *Cassady v. McKenzie*, 4 Watts & Serg. 282; *Green v. Sutton*, 50 Mo. 186.

*Brown, Chapman & Brown* for respondent.

THOMAS, J.—This is an action by the plaintiff to vacate certain deeds, and to have the title to the land therein described vested in her, and the trial court granted her the relief she prayed.

Plaintiff, to sustain her case, introduced a contract, as follows:

"This agreement, made and entered into this twenty-ninth day of March, 1887, by and between Mary L. Simpson of Jackson county, Missouri, and B. N. Wingate, of the same place, witnesseth: That the said Mary L. Simpson has this day deeded to said B. N. Wingate a certain tract of land, containing sixty-eight and seventy-three-hundredths acres, off of the south end of the southeast quarter of section 15, township 48, range 33, on said land, there being a present incumbrance of $7,500, and in which said land the said Mary L. Simpson has also a cash equity of $3,500, and that the said Simpson has deeded said land to said Wingate for the purpose of convenience in making a sale of said land; and further, for and in consideration of the sum of five dollars ($5) in cash and

other valuable considerations not herein specified, and paid to said Simpson by said Wingate, the receipt of which is hereby acknowledged, it is hereby agreed and understood by the parties hereto that, as soon as a sale of said land has been consummated, then the said Simpson is to first get all of her cash equity of $3,500, together with all the expenses incurred in making sale and the expense of carrying said land until sale is made and consummated; and, after that has been paid, then the balance of the money obtained from said sale, or any profit in notes or money arising from said sale, to be equally divided between the said Mary L. Simpson and B. N. Wingate, share and share alike; and that the said Wingate is hereby authorized to sell, or employ others to sell, said land or portions thereof, and to use his discretion as to the best manner and terms of disposing of said land or portions thereof; at the same time it is distinctly understood that he shall not consider any offer or make any sale of said land, or any share therein, for any sum less than at the rate of two hundred dollars ($200) per acre.

"This agreement, of which there are two copies, one to be held by each of the parties hereto, is made simply for the purpose of avoiding any misunderstanding that might arise, or, in the event of the death of either party, to show what each party hereto is justly entitled to.

"In witness whereof we have hereunto set our hands and seals this twenty-ninth day of March, 1887, in presence of W. H. Brown, a notary public, and in presence of each other.

"[ Seal ]                MARY L. SIMPSON,
"[ Seal ]                B. N. WINGATE."

This was duly acknowledged.

The following is the agreed statement of facts: "That W. W. Egnew and B. N. Wingate were partners engaged in the real-estate business in Kansas City, Missouri, from about May 1, 1886, to December 1, 1887;

that they did a general real-estate business, sharing equally in the profits, losses and expenses; that on March 29, 1887, the plaintiff entered into the contract sued on in this action, and on the same date the warranty deed conveying the land mentioned in the petition was delivered to said Wingate, and by him placed on record; that the land was entered on the books of the firm of Egnew & Wingate for sale after the deed was recorded, and some money was spent by said firm in showing, advertising and trying to sell the land; that on November 28, 1887, Wingate then being on his deathbed, he and wife conveyed the land to his partner, W. W. Egnew, mentioning the contract in the body of the deed; that not until this date did Egnew know of the existence of the contract; that no part of the land had been sold up to Wingate's death, nor has any of the land been sold since; that Egnew took the deed executed to him of said land by Wingate and wife, and placed it on record; that B. N. Wingate died December 1, 1887, leaving Jennie Wingate as his widow, and James B. Wingate and Agnes P. Wingate as his children and only heirs at law; that since the commencement of this suit Agnes P. has died, being about fourteen years of age; that, at the time the deed was made by Wingate to Egnew to the land, the plaintiff was in California and had no knowledge of the land having been conveyed to Egnew; that plaintiff, upon learning that Wingate had deeded the land to Egnew before his death, refused to ratify his act, and refused to give Egnew authority to act for her in any manner, under said contract between herself and Wingate; that she demanded that Egnew deed her the land, and he would have done so only for the provision in the deed wherein he agreed to carry out the terms of the contract; that the title to the land is now in Egnew, with a mention of this contract in the deed; that Egnew has been forbidden to sell the land (by plaintiff) under the contract. J. B. Wingate is a minor, and he and the

widow, Jennie Wingate, have appealed to this court, Egnew not joining in the appeal."

The contention of defendants is that the deed to Wingate made him a trustee for Mrs. Simpson as to her interest, and that the deed and contract, which were executed contemporaneously, show that his power to sell is coupled with an interest, and that she cannot revoke it at all, and that he had an interest, in the property under the contract, that descends to his heirs. We do not think this position is tenable. Wingate took the legal title simply to make it more convenient to convey the title when the property was sold. The whole transaction constituted him an agent only to sell this land, and when he died this power to sell did not descend to his heirs. It, evidently, was not in the contemplation of the parties that this agency to sell should be devolved on Wingate's widow and minor children in case of his death. It is true the contract recites that it was made simply for the purpose of avoiding any misunderstanding that might arise, or in the event of the death of either party to show what each was justly entitled to; but we do not regard that language as justifying the construction contended for by defendants, that it was intended by the parties to give Wingate such interest in the land as would descend to his heirs at his death. It was not only appropriate, but indeed essential, that the contract should have been made; for without it the capacity in which Wingate held the title could not have been known, or at least not so well known. If Wingate had sold the property during his lifetime it would have been not only important to plaintiff, but also to his administrator to know the exact interest his estate had in the proceeds of the sale.

But beyond any controversy, after Wingate conveyed the property to Egnew, he had no interest that could descend to his heirs at his death, and his heirs

Ellerbe v. Farmers & Mechanics' Mut. Aid Ass'n.

have no interest that entitles them to appeal in this case.    Egnew had the legal title, and he is the only party who had the right to appeal.    He has not seen proper, however, to exercise that right.    The judgment is affirmed.    All of this division concur.